## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN K. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2999 |
| | ) | |
| v. | ) | Judge: JUDGE PALLMEYER |
| | ) | |
| MARLENE J. JOHNSTON, ROSALIND E. | ) | Magistrate Judge Cox |
| BOWIE, UNKNOWN NUMBER OF | ) | |
| UNNAMED OFFICERS OF THE CHICAGO | ) | |
| POLICE DEPARTMENT, and CITY OF | ) | |
| CHICAGO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER, DEFENSES, AND
## JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants City of Chicago  (the "City"), Marlene J. Johnston, and Rosalind E. Bowie

(collectively referred to as "defendants"), by and through one of their attorneys, Helen C. Gibbons,

Assistant Corporation Counsel for the City of Chicago respectfully submit the following joint

answer, defenses, and jury demand to plaintiff's Complaint:[1]

### NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United
States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of
the civil rights of plaintiff through acts and/or omissions of defendants committed under color of
law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution.

**ANSWER:**     Defendants admit that plaintiff purports to bing this action under the

United States Constitution and the laws of the United States, specifically the Civil Rights Act of

1871 (42 U.S.C § 1983), as well as the Fourth, Fifth, and Fourteenth Amendments to the United

---

[1]Defendants the City, Johnston, and Bowie answer only for themselves.  They do not
answer for any other defendant.

States Constitution.  Defendants deny any wrongful or illegal conduct.

2.      Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER:**    Defendants admit plaintiff relies upon the Court's supplemental

jurisdiction to assert the Illinois state claim of malicious prosecution.  Defendants deny any

wrongful or illegal conduct.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:**    Defendants admit the allegations in this paragraph.

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:**    Defendants admit that venue is proper.  Defendants deny any wrongful or

illegal conduct.

## PARTIES

5.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER:**    Defendants admit, on information and belief, the allegations in this

paragraph.

6.      At all times herein mentioned, defendants MARLENE J. JOHNSTON (hereinafter JOHNSTON), ROSALIND E. BOWIE (hereinafter BOWIE), and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity. Once the actual names of UNKNOWN OFFICERS is known, plaintiff will move the Court to amend this complaint.

**ANSWER:**    Defendants admit, at all times herein mentioned, defendants Johnston and

Bowie were officers in the Chicago Police Department and were acting under color of state law

and as the employees or agents of the City of Chicago, Illinois and that plaintiff purports to sue

the individual defendants in their individual capacity.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.


7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.


## STATEMENT OF FACTS

8.      On May 4, 2007, at approximately 10:00 PM, plaintiff, BRIAN K. GRAY, was lawfully sitting on the front stoop of his home at 816 W. 76th Street in Chicago, Illinois, and engaged in lawful conduct, when defendant UNKNOWN OFFICERS pulled up in front of the building in their vehicle, required BRIAN K. GRAY to follow their commands, and thoroughly searched his person.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


9.      Finding nothing, UNKNOWN OFFICERS left.

-3-

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    A matter of minutes later, defendants JOHNSTON and BOWIE pulled up in front of the building in their vehicle, again required plaintiff to follow their commands, and again searched his person.

**ANSWER:**    Defendants admit they pulled up in front of a building, required plaintiff to follow their commands and searched his person.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    Plaintiff was placed under arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:**    Defendants admit that plaintiff was placed under arrest and that there was no warrant for his arrest.  Defendants deny the remaining allegations in this paragraph.

12.    Defendants JOHNSTON and BOWIE caused a false felony drug charge to be filed against plaintiff.  Plaintiff was booked, processed, and formally charged with said crime.

**ANSWER:**    Defendant Johnston denies the felony drug charge was false and denies she filed the charge.  Defendant Johnston admits defendant Bowie caused a felony drug charge to be filed against plaintiff.  Defendant Bowie admits she caused a felony drug charge to be filed against plaintiff.  Defendant Bowie denies the charge was false.  Defendants admit plaintiff was booked, processed, and formally charged with 720 ILCS570.0/402-C.

13.    Plaintiff, BRIAN K. GRAY, was wrongfully incarcerated for almost three weeks for said felony drug charge.

-4-

**ANSWER:**    Defendants deny plaintiff was wrongfully incarcerated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.    The felony drug charge against plaintiff was ultimately dismissed and plaintiff was released from custody.

**ANSWER:**    Defendants admit there was an entry of *nolle prosequi* of the felony drug charge and that plaintiff was released from custody.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.    By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:**    Defendants deny the allegations in this paragraph.

16.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**    Defendants deny the allegations in this paragraph.

17.    Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    Defendants deny the allegations in this paragraph.


### COUNT I
**Plaintiff Against Defendant UNKNOWN OFFICERS for Illegal Stop**

18.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 - 17, as though

set forth herein in their entirety.


19.    The stop of plaintiff by defendant UNKNOWN OFFICERS was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


20.    By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.


**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.

## COUNT II
### Plaintiff Against UNKNOWN OFFICERS for Illegal Search

21.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 - 17, as though

set forth herein in their entirety.

22.    The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

23.    By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.

## COUNT III
### Plaintiff Against Defendants JOHNSTON and BOWIE for Illegal Stop

-7-

24.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 - 17, as though set forth herein in their entirety.

25.    The stop of plaintiff by defendants JOHNSTON and BOWIE was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

**ANSWER:**    Defendants deny the allegations in this paragraph.

26.    By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### Plaintiff Against Defendants JOHNSTON and BOWIE for Illegal Search

27.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 -17, as though set forth herein in their entirety.

28.     The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

**ANSWER:**    Defendants deny the allegations in this paragraph.


29.     By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.


**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.


## COUNT V
### Plaintiff Against Defendants JOHNSTON and BOWIE for False Arrest

30.     Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 -17, as though set forth herein in their entirety.


31.     The arrest and incarceration of plaintiff by defendants JOHNSTON and BOWIE for the purpose of charging him with a false crime were without probable cause and unreasonable.

**ANSWER:**    Defendants deny the allegations in this paragraph.

32.    By reason of the conduct of the individual defendants, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.

**COUNT VI**
**Plaintiff Against Defendants JOHNSTON and BOWIE for Due Process Violations**

33.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 - 17, as though

set forth herein in their entirety.

34.    Defendants JOHNSTON and BOWIE deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

**ANSWER:**    Defendants deny the allegations in this paragraph.

35.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

-10-

**ANSWER:**    Defendants deny the allegations in this paragraph.

36.    By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Defendants deny the allegations in this paragraph.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor

and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court

deems necessary and proper.

## COUNT VII
### Plaintiff Against Defendants JOHNSTON, BOWIE, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution

37.    Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 - 17, as though set forth herein in their entirety.

**ANSWER:**    Defendants hereby reassert their answers to paragraphs 1 - 17, as though

set forth herein in their entirety.

38.    Defendants JOHNSTON and BOWIE maliciously caused a felony charge to be filed and prosecuted against plaintiff.  There was no probable cause for the institution of a criminal charge against plaintiff.  The criminal proceedings were commenced and continued maliciously.

**ANSWER:**    Defendants deny the allegations in this paragraph.

39.    Defendants JOHNSTON and BOWIE facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving

false information under oath.

**ANSWER:**    Defendants deny the allegations in this paragraph.

40.    Plaintiff was wrongfully incarcerated for almost three weeks as a direct result of the prosecution of the criminal charge.

**ANSWER:**    Defendants deny the allegations in this paragraph.

41.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:**    Defendants deny the allegations in this paragraph.

42.    The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:**    Defendants admit there was an entry of *nolle prosequi* in the plaintiff's criminal proceedings.  Defendants deny the remaining allegations in this paragraph.

43.    Defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:**    Defendants deny the allegations in this paragraph.

44.    Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat superior.

**ANSWER:**    The allegations in this paragraph are a vague, incomplete, and/or inaccurate statement of the City's liability and are therefore denied.

**WHEREFORE,** defendants respectfully request that judgement be entered in their favor and against plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## 12(b)(6) DEFENSES

1.      To the extent that plaintiff is making a general due process claim in Count VI of his Complaint, his complaint should be dismissed.  Plaintiff cannot state a general claim for constitutional violation of his due process rights.

2.      To the extent plaintiff is claiming a separate cause of action for "illegal detention" outside of the context of their claims for false arrest, those claims should be dismissed.  "Illegal detention" does not constitute a cause of action under 42 U.S.C. § 1983 independent from claims for false arrest.

3.      To the extent plaintiff is making claims based on State of Illinois laws, the statue of limitations for state law claims against a municipality or its employees is one year, claims beyond the one year statute of limitations should be dismissed.  745 ILCS 10/8-101 (West 2003).

## AFFIRMATIVE DEFENSES

1.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2002).

2.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

3.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102 (2002).

4.      Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

5.      To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.   In addition, at the time of the actions alleged in plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

7.      The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2002).

8.      The City is not liable under Section 1983 if plaintiff does not prove any violation

of his constitutional rights.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

    9.    Defendants are entitled to qualified immunity.  They are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged above, a reasonable police officer, objectively viewing the facts and circumstances that confronted these defendants, could have believed their actions to be lawful, in light of  clearly established law and the information the defendants possessed.

    10.    Under the Tort Immunity Act, the defendants are not liable for injuries arising out of the exercise of discretionary acts.  745 ICS10/2-201 (2002).

    11.    Under the Tort Immunity Act, defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  754 ILCS 10/2-208 (2002).

    12.    Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his/her failure to enforce any law.  746 ILCS 10/2-205 (2002).

    13.    Defendants are not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209 (2002).


**Jury Demand**


    Defendants  request a trial by jury.

Respectfully submitted,


MARA S. GEORGES
Corporation Counsel
of the City of Chicago


BY:    /s/ Helen C. Gibbons
        HELEN C. GIBBONS
        Assistant Corporation Counsel

30 North LaSalle Street, Room 1020
Chicago, Illinois  60602
(312) 742-3541
Attorney No. 6292881

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on **July 14, 2008**, she electronically filed the foregoing **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter registered to receive notice through the CM/ECF system.

By:    /s/ Helen C. Gibbons
       HELEN C. GIBBONS