UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN K. GRAY, | ) |
| | ) |
| Plaintiff, | ) Case No. 08 C 2999 |
| | ) |
| v. | ) Judge Rebecca R. Pallmeyer |
| | ) |
| MARLENE J. JOHNSTON, ROSALIND E. BOWIE, SEAN P. BOTTOM, KEVIN A. STANULA, and CITY OF CHICAGO, | ) Magistrate Judge Susan E. Cox |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Plaintiff, BRAIN K. GRAY, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

**NATURE OF CLAIM**

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.  Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**JURISDICTION AND VENUE**

3.  Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**PARTIES**

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants MARLENE J. JOHNSTON (hereinafter JOHNSTON), ROSALIND E. BOWIE (hereinafter BOWIE), SEAN P. BOTTOM (hereinafter BOTTOM), and KEVIN A. STANULA (hereinafter STANULA) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**STATEMENT OF FACTS**

8. On May 4, 2007, at approximately 10:00 PM, plaintiff, BRIAN K. GRAY, was lawfully sitting on the front stoop of his home at 816 W. 76th Street in Chicago, Illinois, and engaged in lawful conduct, when defendants BOTTOM and STANULA pulled up in front of the building in their vehicle, required BRIAN K. GRAY to follow their commands, and thoroughly searched his person.

9. Finding nothing, defendants BOTTOM and STANULA left.

10. A matter of minutes later, defendants JOHNSTON and BOWIE pulled up in front of the building in their vehicle, again required plaintiff to follow their commands, and again searched his person.

11. Plaintiff was placed under arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

12. Defendants JOHNSTON and BOWIE caused a false felony drug charge to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said crime.

13. Plaintiff, BRIAN K. GRAY, was wrongfully incarcerated for almost three weeks for said felony drug charge.

14. The felony drug charge against plaintiff was ultimately dismissed and plaintiff was released from custody.

15. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

16. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

17. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual

defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants BOTTOM and STANULA for Illegal Stop

18. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

19. The stop of plaintiff by defendants BOTTOM and STANULA was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

20. By reason of the conduct of defendants BOTTOM and STANULA, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Defendants BOTTOM and STANULA for Illegal Search

21. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

22. The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

23. By reason of the conduct of defendants BOTTOM and STANULA, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the

Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants BOTTOM and STANULA, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiff Against Defendants JOHNSTON and BOWIE for Illegal Stop**

24. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

25. The stop of plaintiff by defendants JOHNSTON and BOWIE was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

26. By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiff Against Defendants JOHNSTON and BOWIE for Illegal Search**

27. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

28. The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

29. By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the

Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiff Against Defendants JOHNSTON and BOWIE for False Arrest**

30. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

31. The arrest and incarceration of plaintiff by defendants JOHNSTON and BOWIE for the purpose of charging him with a false crime were without probable cause and unreasonable.

32. By reason of the conduct of the individual defendants, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT VI**
**Plaintiff Against Defendants JOHNSTON and BOWIE for Due Process Violations**

33. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

34. Defendants JOHNSTON and BOWIE deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence

and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

35. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

36. By reason of the conduct of defendants JOHNSTON and BOWIE, plaintiff, BRIAN K. GRAY, was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VII
### Plaintiff Against Defendants JOHNSTON, BOWIE, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution

37. Plaintiff, BRIAN K. GRAY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

38. Defendants JOHNSTON and BOWIE maliciously caused a felony charge to be filed and prosecuted against plaintiff. There was no probable cause for the institution of a criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

39. Defendants JOHNSTON and BOWIE facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false information under oath.

40. Plaintiff was wrongfully incarcerated for almost three weeks as a direct result of the prosecution of the criminal charge.

41. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

42. The criminal proceedings were terminated in plaintiff's favor.

43. Defendants JOHNSTON and BOWIE, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

44. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of respondeat superior.

WHEREFORE, plaintiff, BRIAN K. GRAY, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,
>
> C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,
>
> D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,
>
> E. That defendants be required to pay plaintiff costs of the suit herein incurred, and
>
> F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: December 1, 2008

s/ Irene K. Dymkar
Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

**CERTIFICATE OF SERVICE**

    I, Irene K. Dymkar, an attorney, certify that on the 1st day of December, 2008, a copy of plaintiff's First Amended Civil Rights Complaint was served upon the attorney for defendants named below through the Court's electronic filing system.

        Helen C. Gibbons
        City of Chicago, Department of Law
        30 N. LaSalle, Suite 1400
        Chicago, IL 60602

Dated: December 1, 2008                               s/ Irene K. Dymkar
                                                                             Irene K. Dymkar